**No. 20-35222**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

JOSEPH A. KENNEDY,

*Plaintiff-Appellant,*

v.

BREMERTON SCHOOL DISTRICT,

*Defendant-Appellee.*

On Appeal from a Final Judgment of the
United States District Court for the Western District of Washington
Case No. 3:16-cv-5694, Hon. Ronald B. Leighton

**UNOPPOSED MOTION OF *AMICI CURIAE* RELIGIOUS AND CIVIL-RIGHTS
ORGANIZATIONS FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

RICHARD B. KATSKEE
ALEXANDER GOUZOULES
Americans United for
Separation of Church
and State
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-3234
*katskee@au.org*

*Counsel for* Amici Curiae

Under Federal Rules of Appellate Procedure 27 and 29(a)(8), *amici curiae* Religious and Civil-Rights Organizations respectfully move for leave to participate in oral argument, which is set for January 25, 2021, at 10:00 a.m. The Court has apportioned 30 minutes per side for the oral argument. *Amici* request that the Court grant divided argument and allow *amici* to share time with Defendant-Appellee, the Bremerton School District, allocating 23 minutes to the School District and 7 minutes to *amici*. Counsel for the School District has authorized us to state that the District consents to this request and the proposed division of time. Counsel for Appellant has informed us that Appellant also consents to this request.

1. *Amici* are religious and civil-rights organizations that represent diverse faiths and beliefs but share firm commitments that religious education of children is a matter best left to their families and houses of worship, and that public schools should be open and welcoming to all students without regard to religion or belief. *Amici* submitted a brief (ECF No. 32) supporting Appellee and affirmance in this appeal.

2. *Amici* have a substantial interest in the outcome of this case based on their and their members' commitments to protecting the fundamental rights of students and families to decide for themselves what religious instruction and practices to undertake, while keeping the public schools

open to all students and families. Those fundamental rights are abridged and the families' religious freedom is imperiled when public-school teachers or coaches incorporate prayer into their supervision and instruction of students, as occurred here.

3. *Amici* and their counsel have long experience defending and supporting the religious freedom of families of all faiths and beliefs. Many of the *amici* also participated as *amici curiae* supporting the School District in the earlier appeal from the denial of Kennedy's motion for a preliminary injunction. *See Kennedy v. Bremerton*, 869 F.3d 813, 835 n.3 (9th Cir. 2017) (Smith, J., concurring) (quoting *amicus* brief). And counsel for *amici* participated on their behalf in the oral argument in that earlier appeal. The undersigned also served as counsel of record to the prevailing school district in *Borden v. School District*, 523 F.3d 153 (3d Cir. 2008), *cert. denied*, 555 U.S. 1212 (2009)—an appellate decision pertinent to the resolution of this appeal, as reflected in the parties' briefs and the special concurrence to the decision in the earlier appeal (*see* 869 F.3d at 828 (Smith, J., concurring)).

4. *Amici* believe that their long, deep, and varied experience with the legal and practical issues presented by this appeal will allow them once again to provide the Court with specialized knowledge both of the harms imposed on families when public-school teachers or coaches encroach on the religious freedom of the students in their charge, and of the critical

importance of actions like those undertaken by the School District here to respect constitutional mandates and protect the rights of all students. *Amici* and their counsel are thus well positioned to provide the Court with additional perspectives that would assist it in addressing the important constitutional questions presented by this appeal.

5. Because the School District has consented to *amici*'s request and has agreed to cede a portion of the time allocated to its argument, granting *amici*'s motion would not require the Court to enlarge the overall time of the argument. As the Advisory Committee's Notes to the 1998 amendments to Rule 29 of the Rules of Appellate Procedure observe, the "current practice" is for the courts of appeals "to permit an amicus to argue when a party is willing to share its argument time with the amicus."

Accordingly, *amici* request that the Court grant leave to participate in oral argument and apportion 7 minutes of Appellee Bremerton School District's time to the *amici*.

Respectfully submitted,

<u>/s Richard B. Katskee</u>
RICHARD B. KATSKEE
ALEXANDER GOUZOULES
  Americans United for Separation of
    Church and State
  1310 L Street NW, Suite 200
  Washington, DC 20005
  (202) 466-3234
  *katskee@au.org*
  *gouzoules@au.org*

*Counsel for* Amici Curiae

Date: January 7, 2021

4

## CERTIFICATE OF SERVICE

I certify that on January 7, 2021, the foregoing was electronically filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Date: January 7, 2021

/s Richard B. Katskee

5